1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FELTON L. MATTHEWS, JR.,

    *Plaintiff*,

vs.

D. AMBRIDGE*., et al.*

    *Defendants*.

2:12-cv-01004-PMP-CWH

ORDER

    This removed *pro se* prisoner civil rights action by a Nevada state inmate comes before the Court in connection with the following filings:  (a) Plaintiff's motion (#23) to amend or supplement the complaint; (b) his motion (#24) for preliminary injunction; (c) his filing docketed as a motion (#25) to waive defect; (d) his motion (#28) for partial summary judgment; and (e) sundry additional filings (## 22 & 26) by Plaintiff.

### *Motion to Amend or Supplement*

    The motion to amend or supplement the complaint – the second proposed amendment herein – will be denied.  In outlining the multiple procedural and substantive deficiencies in the proposed pleading below, the Court notes that Plaintiff has litigated a multitude of prior actions in this District.  Plaintiff long ago accrued "three strikes" under 28 U.S.C. § 1915(g). He is no stranger to the federal rules, the local rules, or the substantive law.

    *First*, Plaintiff did not comply with the Local Rules.

    Under Local Rule LSR 2-1, a *pro se* civil rights complaint must be on the Court's required form, which includes compliance with the instructions for the complaint form.  The instructions state in pertinent part:

A. <u>General Information About The Civil Rights Complaint Form</u>:

1. . . . .  If needed, you may attach two additional pages of standard letter size paper to complete Parts B & C of the complaint. Be sure you make identify the count or claim to which the continued information applies. If you add more than the two pages, you must file a motion for leave of court (permission) to file the longer than normal complaint at the time you submit the complaint. This two page limitation only applies to pages added to Parts B & C.

. . . . .

Part C:

1. This is where you identify what rights the defendant(s) violated. The form provides three (3) pages for alleging three (3) counts. If you are alleging more than three counts, use the additional space on the last page, and if that is not enough, then attach an additional page for each additional count (so that there is only one count per page). Number the additional pages "6-A", "6-B", etc., and inserted immediately behind page 6. Remember, you are limited to a total of two (2) additional pages for Part B and Part C; if you have more than two (2) additional pages, you will also need to file a motion seeking permission from the court to file the complaint.

*Instructions*, at 1 & 6.

In the present case, Plaintiff included an additional 19 pages over and above the three pages for Part C of the proposed complaint, which were not numbered as directed in the instructions.  Plaintiff did not file a motion for leave of court to file a longer than normal complaint.  The motion for leave to amend did not constitute such a motion, which in any event must be filed as a separate motion.  The filing docketed as a motion to waive defect did not constitute such a motion, and, as discussed *infra*, that filing itself was defective.  Once an action filed in state court is removed to federal court, federal rules of procedure, including this Court's local rules, apply.  The local rules were not complied with here.

*Second*, the proposed pleading is unnecessarily prolix and includes extensive redundant, immaterial or impertinent matter.  Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief.  While a plaintiff must allege specific allegations of actual fact in order to state a claim, a pleading is not the place for extensive legal argument, "special notes" to the Court, and addenda.  The Court will not grant leave to file a proposed pleading that

1   ignores the requirements of Rule 8(a)(2) and instead requires the Court or defendants to sift

2   through extensive immaterial allegations in screening or responding to the pleading.

3         *Third*, the Court denies leave to file the proposed pleading due to futility of amendment

4   and undue prejudice to the opposing parties.  *See,e.g., Foman v. Davis*, 371 U.S. 178, 182

5   (1962)(leave to amend should be freely given except in cases of, *inter alia*, futility of

6   amendment and undue prejudice to the opposing party).  As detailed in depth below, the

7   proposed pleading seeks to add claims that plainly are time-barred, have been litigated

8   previously in federal and/or state court, and/or plainly are without merit.  In this regard, the

9   proposed amendment continues a well-established practice by Plaintiff -- who has a long

10   history of vexatious and frivolous litigation in both state and federal court -- to attempt to use

11   multiple pleadings amendments and other filings to tie up the court systems and state officials

12   in a constantly-expanding vexatious lawsuit that cannot be effectively litigated to a resolution.

13   Plaintiff has demonstrated that, left unchecked, he simply will continue to add multitudinous

14   defendants and claims in rapid-fire staccato fashion without regard to, *e.g.,* whether claims

15   are time-barred, have been previously litigated, and/or simply have no viable legal basis on

16   their face due to the same or substantially similar claims having been previously rejected in

17   prior litigation under well established law.  That will not happen in this case.

18         In the present proposed pleading, consistent with Plaintiff's demonstrated past

19   practice, Plaintiff seeks to add 22 additional named defendants along with extensive

20   additional defendants who are described only by category (*e.g.*, state court clerk's office

21   employees) or who are named fictitiously.  While the proposed pleading ostensibly seeks to

22   add only five additional counts to the original complaint, the counts in the proposed pleading

23   in and after proposed Count II, as discussed below, in truth add a multitude of claims often

24   in near stream-of-consciousness fashion.  As discussed in more detail below, the claims that

25   Plaintiff seeks to add are time-barred, previously litigated and/or without merit – under

26   governing legal precedent that has been cited to Plaintiff countless times in the past.

27         In current Count II, Plaintiff alleges that he was subjected to cruel and unusual

28   punishment in violation of the Eighth Amendment when Correctional Officer Hessler broke

1    Plaintiff's pencil in his face, threatened him, verbally harassed him about the nature of his

2    conviction and disciplinary charges against him, and thereby triggered an inmate attack on

3    him. In the prior screening order, the Court held that, read liberally, current Count II states

4    a claim for relief to the extent that it alleges that the officer's harassment based upon the

5    nature of Plaintiff's conviction and notice of charge against him triggered an attack by another

6    inmate. The Court held that Count II otherwise failed to state a claim upon which relief may

7    be granted under the Eighth Amendment based upon Plaintiff being verbally harassed, being

8    held in protective custody and/or being subject to collateral consequences from same and/or

9    a notice of charge.

10      In proposed Count II, Plaintiff alleges in conclusory scattershot allegations that, from

11    March 28, 2010, "to present," three other correctional officers "did the same identical thing."

12    Plaintiff alleges – again in conclusory scattershot allegations – that as a result property was

13    destroyed; court access was "affected" causing dismissals of unspecified cases due to his

14    personal and legal mail being "affected;" a violent, unexplained confrontation with a female

15    law library supervisor was caused; he was subjected to "suspect" notices of charges; and he

16    was subjected to "unnecessary" disciplinary and administrative segregation time. Plaintiff

17    alleges that this alleged action violates the Eighth Amendment because the officers acted with

18    "deliberate indifference." Plaintiff further alleges that an NDOC policy of not distinguishing

19    between the purported victim and aggressor in a fight violates common law. He challenges

20    the procedures used in the disciplinary hearing. And he alleges that the actions of the original

21    defendant – Correctional Officer Hessler – violates the Double Jeopardy Clause because his

22    conduct counts in some unspecified way as a "double punishment."

23      With regard to the additional claims in proposed Count II, *inter alia*, claims based on

24    any alleged acts or omissions more than two years prior to the October 3, 2012, mailing date

25    (see #23, at 33) of the pleading are time-barred. Appending a conclusory "to present" after

26    a date more than two years prior to the pleading does not overcome the untimeliness of the

27    claims based on such acts and omissions. Plaintiff's conclusory allegations otherwise fail to

28    state a claim for relief under the Eighth Amendment, which does not constitute a broad, catch-

1   all provision prohibiting destruction of property, interference with access to the courts, and
2   allegedly procedurally defective prison disciplinary proceedings.  The Eighth Amendment
3   does not impose a general requirement that state officers not show "deliberate indifference"
4   to Plaintiff.  Rather, the Eighth Amendment prohibits deliberate indifference to a serious risk
5   to inmate health or safety.  None of the conclusory scattershot allegations of the added claims
6   in proposed Count II state a claim under the Eighth Amendment.

7          Nor do the added allegations of proposed Count II state a claim under other
8   constitutional provisions.  Under settled law that repeatedly has been cited to Plaintiff over the
9   years, he has no constitutional claim for destruction of property due to the existence of post-
10  deprivation remedies under Nevada statutory law; conclusory allegations of interference with
11  unspecified court access without specific allegations of actual injury to a protected claim does
12  not state a claim for relief under the First Amendment; and a due process claim based upon
13  inadequate prison disciplinary procedures is viable only if specific allegations tend to establish
14  that the inmate was subjected to an atypical and significant hardship in comparison to the
15  ordinary incidents of prison life.  These principles, again, constitute extensively well-traveled
16  ground in Plaintiff's cases of which he has been informed repeatedly.  *See, e.g.*, #14, at 4-5
17  (loss of property).  Plaintiff's further allegations with regard to alleged common law and double
18  jeopardy violations are frivolous on their face.

19         In current Count III, Plaintiff alleges that he was retaliated against for bringing this
20  action in violation of the First Amendment.  The Court held in the prior screening order that
21  Count III states a claim for relief only to the extent that Plaintiff alleges that Defendant Moran
22  confiscated his replacement drawings in retaliation for his filing suit.  The Court held that
23  allegations that Defendant Hessler handed a broken pencil to Plaintiff and yelled at him when
24  he delivered a return on a grievance constituted a *de minimis* matter that is not actionable
25  under the First Amendment.  The Court further held that allegations that legal mail failed to
26  reach the small claims court and that the same thing happened the last time that Defendant
27  Hessler "harassed" Plaintiff fail to allege more than the mere possibility of misconduct, which
28  is insufficient.  The Court additionally held that any attempted assertion of a due process

1   claim in Count III for destruction of Plaintiff's property failed to state a federal claim for relief

2   due to the availability of state post-deprivation remedies under Nevada statutory law.

3          In proposed Count III, Plaintiff, *inter alia*, adds allegations essentially arguing with the

4   Court's holding that he did not state a due process claim for destruction of property.  Plaintiff

5   maintains that he has no access to the Justice Court because of alleged misconduct by that

6   court's clerk's office in refusing to file allegedly legitimate proofs of service on the Nevada

7   Department of Corrections in his small claims case.  Plaintiff included parallel allegations in

8   No. 2:12-cv-00109-JCM-CWH.  The Court held in a March 9, 2012, order in that case that

9   Plaintiff failed to state a claim for relief for denial of access to the courts because pursuit of

10  state tort claims for property damages are not protected by the First Amendment.  *See Lewis*

11  *v. Casey*, 518 U.S. 343, 355 (1966).  The Court further noted that a federal district court does

12  not have appellate or supervisory jurisdiction over state courts.  With particular regard to post-

13  deprivation remedies and proposed Count III in this action, Plaintiff does in fact have a post-

14  deprivation remedy under Nevada statutory law.  Any issues that Plaintiff might have with the

15  actual conduct of his small claims court case seeking to pursue such a remedy must be

16  pursued in the state courts through to review by the Supreme Court of Nevada, with potential

17  review of any federal law issues raised therein on *certiorari* to the United States Supreme

18  Court.  The fact that plaintiff has no federal due process claim for destruction of property

19  because of the availability of a post-deprivation state law remedy does not place federal

20  district courts in a supervisory role over the state courts in determining the adequacy of a

21  state court small claims proceeding.  If Plaintiff has a concern as to the conduct of that

22  litigation, he must pursue that concern in the state courts, not in this federal district court.

23         Additionally in proposed Count III, Plaintiff provides extensive allegations regarding an

24  alleged search of his cell for artwork by officers with the Inspector General in connection with

25  which he now faces state criminal prosecution.  Plaintiff specifically requests that this criminal

26  prosecution be enjoined by this Court.  #23, at 32 (bottom of page).  Proposed Count III in this

27  regard plainly is barred under *Younger v. Harris*, 401 U.S. 37 (1971), as extraordinary

28  circumstances clearly do not exist permitting federal judicial interference in an ongoing state

1    criminal prosecution.    Plaintiff can raise any federal constitutional challenges to the

2    prosecution in the state courts as the prosecution proceeds.  The proposed amendment

3    seeking to expand this action into an effort to interfere with threatened or pending state

4    criminal proceedings clearly would be futile.

5         Also in proposed Count III, Plaintiff continues with his frivolous allegations based upon

6    correctional officers showing "deliberate indifference" when they searched his cell for

7    contraband.   Again, there is no freestanding constitutional prohibition against acting with

8    "deliberate indifference." Under the Eighth Amendment, state officers may not be deliberately

9    indifferent to a serious risk to inmate health or safety.   If they otherwise allegedly are

10   "deliberately indifferent" to plaintiff in other actions or in some other sense, that is not

11   actionable under the Constitution.  Additionally, if state officers *arguendo* have not followed

12   state correctional regulations in what they have seized or how they have seized what they

13   have seized, that alleged state regulatory violation is not actionable in and of itself under the

14   federal constitution.

15        In proposed newly-added Count IV, Plaintiff alleges, *inter alia*, that he has been

16   subjected to  unconstitutional search and seizure in violation of the Fourth Amendment and

17   denied equal protection and due process of law in violation of the Fourteenth Amendment.

18   He bases these claims on, *inter alia*, searches of his cell and confiscation of his alleged

19   artwork between March 28, 2010, "to date."

20        With regard to the additional claims in proposed Count IV, *inter alia*, claims based on

21   any alleged acts or omissions more than two years prior to the October 3, 2012, mailing date

22   (see #23, at 33) of the pleading are time-barred.  Appending a conclusory "to date" after a

23   date more than two years  prior to the pleading does not overcome the untimeliness of the

24   claims based on such acts and omissions.  To the extent that Plaintiff refers to a specific

25   search conducted on May 30, 2012, he, on the one hand, is referring to an incident predating

26   the prior Amended Complaint (#15) where he again is contending that his alleged artwork

27   does not constitute contraband, which is an issue already sufficiently raised for this litigation

28   by the prior pleadings.  On the other hand, as Plaintiff presents allegations regarding such

1   later searches and seizures, such as the alleged May 30, 2012, incident, he implicates the

2   concerns discussed above as to proposed Count III concerning abstention under *Younger v.*

3   *Harris* as to the prohibition against federal court interference in a pending state criminal

4   prosecution.

5          An inmate in any even has no expectation of privacy in their personal property in

6   prison, and the Fourth Amendment therefore is inapplicable to a search, seizure or

7   destruction of an inmate's personal property.  *See Hudson v. Palmer*, 468 U.S. 517, 522-30

8   (1984).  Plaintiff refers to language in *Hudson* that harassing searches are not to be tolerated.

9   However, the Supreme Court very clearly held that the remedy for any such alleged harassing

10  searches, seizures and/or destruction of property does not lie under the Fourth Amendment.

11  468 U.S. at 529-30.  Plaintiff further urges that post-deprivation remedies do not satisfy due

12  process where the deprivation occurs pursuant to official policy.  Plaintiff contends, however,

13  that state prison regulations do not authorize the confiscation of his property.  Plaintiff has no

14  Fourth Amendment claim or Fourteenth Amendment due process claim as presented in

15  proposed Count IV.

16         Plaintiff's additional allegations in proposed Count IV that he has been discriminated

17  against and denied equal protection because of his "class crime" fail to state any claim for

18  relief.  Persons convicted of lewdness with a minor under the age of fourteen do not constitute

19  a suspect class implicating strict scrutiny under the Equal Protection Clause.  Merely because

20  officers allegedly "discriminated" against him by not seizing magazines such as Penthouse

21  with what Plaintiff alleges is similar material from other inmates or other sex offenders does

22  not give rise to an equal protection claim.  Plaintiff's conclusory passing reference to race also

23  does not state a viable claim.  Finally, once again, a freestanding allegation that some act is

24  done with "deliberate indifference" does not in and of itself state a claim for relief.

25         In proposed newly-added Count V (first Count V of two), Plaintiff alleges that he has

26  been subjected to alleged cruel and unusual punishment in violation of the Eighth

27  Amendment by alleged "deliberate indifference" by higher supervisory officers from March 28,

28  2010, to present in failing to protect him from harassment from subordinate officers.  Plaintiff

-8-

alleges that this alleged harassment has resulted in "mailroom misconduct" by subordinate officers "from 2002 to present."   These conclusory allegations do not present specific allegations of actual fact either clearly within the limitation period and/or that state a claim. Allegedly subjecting Plaintiff to verbal harrassment and allegedly throwing personal property at him at unspecified times does not give rise to a viable Eighth Amendment claim.   The applicable pleading standard requires more than the conclusory allegations presented in Count V (first) spanning over a decade.

In proposed newly-added Count VI (first Count VI of two), Plaintiff alleges that his First Amendment right to access the courts has been denied in a multitude of listed incidents going back to 2002.   Once again, claims based on any alleged acts or omissions more than two years prior to the October 3, 2012, mailing date of the pleading are time-barred.   Appending a conclusory "to present" after a date more than two years  prior to the pleading does not overcome the untimeliness of the claims based on such acts and omissions.   Moreover, it would appear that a number of claims previously were rejected by this Court in No. 2:12-cv-00109-JCM-CWH.   Plaintiff may not simply start litigating the same claims anew by including them in amended pleading in another action.   Further, as discussed as to proposed Count III above, and as held by the Court in No. 2:12-cv-00109, the pursuit of non-civil rights litigation such as state tort claims or litigation regarding child support are not protected by the First Amendment.   And, as discussed therein, this Court does not have appellate jurisdiction to consider Plaintiff's claims challenging how the state courts conducted the state litigation once Plaintiff accessed those courts.   Again, the Court notes that if Plaintiff has a concern as to the conduct of the state court litigation, he must pursue that concern in the state courts, not in this federal district court.

In proposed newly-added Count V (second Count V of two), Plaintiff again alleges that he has been denied access to the courts with "deliberate indifference and retaliation" from 2002 to present.   Once again, claims based on any alleged acts or omissions more than two years prior to the October 3, 2012, mailing date of the pleading are time-barred.   Appending a conclusory "to present" after a date more than two years  prior to the pleading does not

1 overcome the untimeliness of the claims based on such acts and omissions.  The wide-
2 ranging, rambling, and circular allegations of Count V (second) otherwise do not state a claim
3 for relief under the First Amendment.  The only specific filing referred to in the count is a
4 November 14, 2010, "judicial notice" that Plaintiff apparently did in fact file in the Ninth Circuit
5 Court of Appeals.  The count does not allege any specific denials of access to the courts
6 within the two-year limitation period producing actual injury to a post-conviction or prison-
7 conditions civil rights case.  If Plaintiff has some concern as to how the Ninth Circuit is
8 conducting a pending proceeding in that Court, he of course must direct his concern to that
9 Court in a timely and appropriate filing within that proceeding, if still pending.

10      In proposed newly-added Count VI (second Count VI of two), Plaintiff claims that his
11 rights to due process and equal protection under the Fourteenth Amendment have been
12 denied "in disciplinary proceedings."  The conclusory allegations of the count completely fail
13 to state a due process claim, as there are no specific allegations tending to establish that the
14 unspecified disciplinary sentence imposed in such unspecified proceedings gave rise to the
15 denial of a protected liberty interest.  Nor does the allegation that other inmates allegedly
16 possessing similar materials were not charged give rise to an actionable equal protection
17 claim.

18      Accordingly, following the foregoing review of the proposed pleading – Plaintiff's
19 proposed second pleading subsequent to the original complaint – the Court denies leave to
20 file the proposed pleading due to Plaintiff's failure to comply with the Local Rules, the
21 extensive unnecessarily prolix and immaterial content contained in the proposed pleading,
22 and futility of amendment and undue prejudice to the opposing parties.  *See,e.g., Foman,*
23 *supra.*  The present proposed pleading reflects a continuation of a prior established pattern
24 by Plaintiff of filing constantly-expanding prolix pleadings presenting multitudinous claims that
25 are time-barred, previously-litigated, and/or without merit under long-established precedent
26 that repeatedly has been cited to Plaintiff in prior cases.  The apparent ultimate objective is
27 to tie up the limited resources of state officials and the two court systems in constantly-
28 expanding vexatious litigation that cannot be effectively adjudicated to a resolution.  The

1   motion to yet further amend and supplement the complaint in a third pleading thus will be
2   denied.

3                           ***Filing Docketed as a Motion to Waive Defect***

4          The filing docketed as a motion (#25) to waive defect does not present a proper motion
5   under Rule 7(b) of the Federal Rules of Civil Procedure.  The request is presented in a letter
6   to the Clerk of the Court.  As the Court repeatedly has advised Plaintiff in multiple prior
7   actions, the Court will not take action based on letters, notices, or other documents not
8   properly presented as motions.  All requests for relief must be presented by way of a motion
9   that satisfies the requirements of Rule 7(b).  The request for relief in any event is moot
10  because leave to file the proposed pleading in question has been denied on other grounds.
11  The improvidently docketed motion therefore will be denied.

12                           ***Motion for Preliminary Injunction***

13         In the motion (#24) for preliminary injunction, Plaintiff seeks an order banning the
14  destruction of his confiscated alleged artwork, ordering the return of his alleged artwork,
15  banning the use of his alleged artwork in parole proceedings or associated psychiatric review,
16  and banning use of the alleged artwork against him in  criminal proceedings that have been
17  initiated by the State.

18         The Court is not persuaded that Plaintiff has demonstrated, *inter alia*, a likelihood of
19  success on the merits as is required to obtain a preliminary injunction.  It is one thing to hold
20  under liberal pleading rules that the Amended Complaint in part states a claim sufficient to
21  proceed further.  It would be quite another to hold on the showing made on the motion that
22  there is a likelihood of success on the claim.

23         The Court notes that the allegations and claims underlying the motion for preliminary
24  injunctive relief go well beyond the allegations of the Amended Complaint (#15), which
25  challenged the confiscation of the artwork, not its use in parole board or criminal proceedings.

26         In any event, even if one were to assume *arguendo* that Plaintiff's depictions of "virtual"
27  child pornography and other images are protected by the First Amendment, it would be an
28  extreme leap to then hold that a parole board or psychiatric review panel could not consider

                                          -11-

1    Plaintiff's expressions in determining his suitability for parole.  An inmate perhaps would have
2    a First Amendment right to state that he cannot wait until he is released in order to commit
3    more acts of lewdness with children.  However, the fact that he *arguendo* could make such
4    an expression under the First Amendment does not lead to the conclusion that a parole board
5    then could not consider the inmate's own expression in considering whether he should be
6    released on parole.  The *arguendo* freedom to express does not insulate one from being
7    evaluated based on what one expresses, particularly by a parole board charged in part with
8    the responsibility of trying to prevent a pedophile from harming more children in the future.
9    Nothing in the case authority relied upon by Plaintiff remotely suggests, much less holds, that
10   a parole board cannot consider the expressions, including lewd artwork depicting alleged
11   virtual child pornography, of an inmate convicted of lewdness with a minor in assessing the
12   inmate's likelihood of recidivism and suitability for parole.  It is not "punishment" or "retaliation"
13   for the exercise of First Amendment expression to evaluate an inmate's suitability for parole
14   based on his own words and other expressions.[1]

15          Nor will the Court enjoin use of Plaintiff's alleged artwork in a criminal investigation and
16   prosecution.  As discussed previously in this order, the *Younger* abstention doctrine precludes
17   federal interference in a pending state criminal prosecution in this case.  Plaintiff can present
18   his First Amendment objections to any such charges in the state prosecution.

19          The Court is not persuaded that Plaintiff has established a likelihood of success on the
20   merits supporting an order that state officials return the confiscated alleged artwork.  First, the
21   alleged artwork in question is not of record.  Second, in any event, the Court is not persuaded
22   on the legal argument presented that there is a likelihood of success on the merits.  *Cf. United*
23   *States v. Handley*, 564 F.Supp.2d 996, 1001-02 (S.D. Iowa 2008)(obscene material is not
24   protected under the First Amendment under the *Free Speech Coalition* decision).  Whether
25   the material is or is not prohibited by the applicable administrative regulations is irrelevant in

26   _____

27          [1]One can hypothesize situations where a parole board might impermissibly judge suitability for parole
28   based upon an inmate's First Amendment support for a particular major political party candidate.  That case
     is not presented here, however.

-12-

1   this proceeding.   An alleged incorrect or inconsistent application of the administrative

2   regulations does not give rise to the deprivation of a protected liberty interest or other

3   constitutionally protected interest.  *See,e.g., Sandin v. Connor*, 515 U.S. 472, 477-84 (1995).

4   The sole pertinent inquiry here is whether the material is protected by the First Amendment,

5   and the Court is not persuaded that Plaintiff has demonstrated a substantial likelihood of

6   success on the merits on that issue on the showing made.

7         The Court will order only, purely *pendente lite*, that any such alleged artwork currently

8   in the possession of Defendants be preserved until the conclusion of these proceedings,

9   through to the conclusion of direct review.   The sole purpose of the order will be to preserve

10  the material as possible evidence in this matter.   That is, the order is directing that the

11  material be preserved as possible evidence, not as material protected by the First

12  Amendment.   The Court is not barring defendants from forwarding materials or copies of

13  materials to law enforcement, parole, or other agencies.   Nor is the Court ordering that

14  Plaintiff must be provided copies of such materials.[2]   The Court only is directing that

15  Defendants not destroy any such materials in their possession *pendente lite*.

16        The motion in all other respects will be denied.

17                            ***Motion for Partial Summary Judgment***

18        The motion for partial summary judgment presents a rambling and scattered discourse,

19  much of which consists of rhetorical questions rather than affirmative argument.   As best as

20  the Court can determine from the concluding paragraphs, Plaintiff seeks:  (a) an injunction

21  against the use of his alleged artwork by psychiatric review panels, parole boards, disciplinary

22  hearings, and criminal proceedings; (b) a declaratory judgment that his rights to equal

23

24  _____

25        [2]Any copies filed in connection with a motion should be filed under seal.  If Defendants file such an
    exhibit, they will need to promptly allow Plaintiff to view a copy of what has been filed.  They may do so,

26  however, through a procedure analogous to the procedure followed for an inmate viewing his medical
    records, whereby the inmate may view the material in a controlled setting but may not keep the material

27  thereafter.

28        The Court is not persuaded that placement of the alleged artwork or copies thereof in Plaintiff's I-file
    is in any sense barred by the Constitution or actionable herein.

                                              -13-

1   protection, due process and freedom of expression have been violated; (c) expungement of

2   disciplinary charges and convictions, including removal of his alleged artwork from his I-file

3   and NOTIS notes as exhibits.  A substantial amount of the discussion in the motion extends

4   beyond the pleadings and defendants in this matter.

5        In any event, as discussed regarding the preceding motion, the Court will not bar

6   psychiatric review panels or the parole board from considering Plaintiff's alleged artwork and

7   other expressions in assessing Plaintiff's suitability for parole and/or his risk to reoffend and

8   harm more children.

9        As discussed regarding the preceding two motions, the Court will not enjoin any state

10  criminal investigations or prosecutions in this matter, as the extraordinary circumstances

11  required for such relief are not presented here.  Plaintiff can and must raise his constitutional

12  and any other defenses to such state charges in the state proceedings.

13       Nor will the Court issue an amorphous broad-based order barring use of "Plaintiff's

14  artwork" in prison disciplinary proceedings.  *See also* 18 U.S.C. § 3626(a)(1)(proscribing

15  broad-based intrusive injunctive orders in prison litigation).  If after exhausting administrative

16  remedies Plaintiff can state a claim for the denial of a federal constitutional right in such

17  proceedings, he then will need to seek judicial relief with respect to such disciplinary

18  proceedings at that time.  Moreover, as discussed on the preceding motion, it has not been

19  established as a matter of law on the showing made in this proceeding that the particular

20  alleged artwork at issue in this litigation is constitutionally protected.

21       With regard to declaratory relief, as discussed regarding the preceding two motions,

22  Plaintiff presents no viable claim under the Equal Protection Clause.  Persons convicted of

23  lewdness with a minor under fourteen years old do not constitute a suspect class implicating

24  strict scrutiny under the Equal Protection Clause.  Further, not every dissimilar treatment of

25  allegedly similarly situated individuals, particularly in a prison setting, constitutes an

26  unconstitutional denial of equal protection.

27       Plaintiff further presents no viable procedural due process claim.  Again, an alleged

28  incorrect or inconsistent application of correctional department administrative regulations does

1    not give rise to the deprivation of a protected liberty interest or other constitutionally protected

2    interest.  *Sandin, supra.*  Much of the discussion in the motion for partial summary judgment

3    is directed to whether Defendants have correctly and consistently applied administrative

4    regulations.  Under *Sandin*, the Due Process Clause does not put the federal courts in the

5    role of overseeing the proper application of state administrative regulations.  The pertinent

6    issue in the present case is not whether material violated  administrative regulations but

7    instead is whether the material was protected by the First Amendment.[3]

8         On the First Amendment issue, it has not been established as a matter of law on the

9    showing made in this proceeding that the particular alleged artwork at issue in this litigation

10   is constitutionally protected.  Among other issues, it remains to be determined whether the

11   material in question was obscene.  *Cf. United States v. Handley, supra.*

12        The motion for partial summary judgment therefore will be denied.

13                              ***Additional Filings by Plaintiff***

14        Plaintiff has filed documents (## 22 & 26) in the record designated as a "judicial

15   notice," in which he seeks to advise the Court as to certain incidents in the prison.  There is

16   no such "judicial notice" document in federal practice.   The Court can take judicial notice of

17   a narrow class of generally known and readily ascertainable facts pursuant to Rule 201 of the

18   Federal Rules of Evidence.  However, there is no document under federal practice pursuant

19   to which a litigant advises the Court of factual assertions such as Plaintiff makes in a "judicial

20   notice."   Plaintiff can file motions complying with Rule 7 of the Federal Rules of Civil

21   Procedure, pleadings where leave of court is granted to file same, and supporting, opposition

22   and reply memoranda on motions.  He may not, however, file a "judicial notice."

23

24         [3]To be abundantly clear, the Court did not in any sense state in the screening order that a grant of
     relief was hinged herein on whether the alleged artwork is "in clear and convincing violation of NDOC rules
25   and regulations."  The Court stated that it would not  issue an order requested by Plaintiff using that language,
     which would have required that Defendants to affirmatively demonstrate that the alleged artwork was in clear
26   and convincing violation of the regulations before Defendants could act.  The Court is not going to conduct a
     review – at any point in this litigation – of whether Defendants have correctly or consistently applied state
27   correctional administrative regulations.  There is no constitutional predicate for such a review.  The only
     pertinent issue is whether the alleged artwork is constitutionally protected under the First Amendment.
28   Compare #42, at 3, lines 21-27, with #14, at 2, lines 7-10.

Plaintiff repeatedly has cluttered the record in prior actions with such fugitive documents.  He shall not do so in this action.  A violation of this order will be regarded as, *inter alia*, a violation of the Federal Rules of Civil Procedure and lead to a referral for consideration of imposition of sanctions for major violation MJ48, as discussed further, *infra*.

The current fugitive filings will be stricken.

### *Final Admonition*

The Court has considerable patience, but it has neither the time nor resources to consider repeated frivolous and vexatious filings.  The Court places Plaintiff on notice that if he files any further frivolous or vexatious papers in this matter, he will be directed to show cause in writing why sanctions should not be imposed under Rule 11 of the Federal Rules of Civil Procedure, including imposition of substantial monetary sanctions to be drawn in installments from his inmate account against any present or future balance and referral to correctional authorities for consideration of imposition of sanctions for institutional major violation MJ48.[4]  While the present order shall not constitute a basis for such sanctions in and of itself, this admonition is the last advance warning that Plaintiff will receive in this action prior to the commencement of sanctions proceedings.

Plaintiff's extensive history of frivolous and vexatious filings in the state and federal courts, which has been continued in this matter up to this point, shall not continue further herein.  If it does, substantial sanctions will be imposed.

IT THEREFORE IS ORDERED that Plaintiff's motion (#23) to amend or supplement the complaint is DENIED, for the reasons assigned herein.

IT FURTHER IS ORDERED that Plaintiff's motion (#24) for preliminary injunction is GRANTED IN PART and DENIED IN PART, such that Defendants are directed to not destroy any of Plaintiff's alleged artwork currently in their possession while this action is pending,

---

[4]Under MJ48 of the NDOC Administrative Regulations, a major violation may be committed by the following: "Any violation of the Rules of Court, contempt of court, submission of forged or otherwise false documents, submissions of false statements, violations of Rules of Civil Procedure and/or receiving sanctions and/or warnings for any such actions from any court.  Although not necessary for disciplinary purposes, any Order from any court detailing such action shall be sufficient evidence for disciplinary purposes."

through to the conclusion of direct review.  The motion is in all other respects denied, and nothing in this order bars Defendants from forwarding materials or copies of materials to law enforcement, parole, or other agencies.  Nor does this order direct that Plaintiff must be provided copies of such materials.

IT FURTHER IS ORDERED that Plaintiff's filing docketed as a motion (#25) to waive defect is DENIED.

IT FURTHER IS ORDERED that Plaintiff's motion (#28) for partial summary judgment is DENIED.

IT FURTHER IS ORDERED that ## 22 & 26 are STRICKEN.

IT FURTHER IS ORDERED that Plaintiff shall not file any more "judicial notices" in this action and that he may file only motions, pleadings where leave to file same has been granted by the Court, and supporting, opposition and reply memoranda on motions.

IT FURTHER IS ORDERED that the stay previously entered herein is lifted and that, within **twenty-one (21) days** of entry of this order, the Attorney General's Office shall file a notice advising the Court and Plaintiff of:  (a) the names of the defendant(s) for whom it accepts service; (b) the names of the defendant(s) for whom it does not accept service, and (c) the names of the defendant(s) for whom it is filing last-known-address information under seal.  As to any of the named defendant(s) for whom the Attorney General's Office cannot accept service, the Office shall file, under seal, the last known address(es) of those defendant(s) for whom it has such information.  Service as to any defendants for whom service has not been accepted must be completed within 120 days of service of the notice by the Attorney General.  The record currently before the Court in this removed action does not reflect that Plaintiff is proceeding *in forma pauperis*.

IT FURTHER IS ORDERED, given the prior proceedings herein, that the defendants for whom service is accepted shall respond to the Amended Complaint (#15) within **thirty (30) days of entry of this order**.  It is the Court's intention to proceed forward with this matter as promptly as possible, and the prior proceedings herein should enable Defendants to respond within that time frame.

1

    IT FURTHER IS ORDERED that, henceforth, Plaintiff shall serve upon Defendants'

2  counsel a copy of every pleading, motion or other document submitted for consideration by

3  the Court and shall attach a certificate of such service with the paper submitted.  Plaintiff shall

4  direct service to the individual attorney named in the notice of appearance, at the address

5  stated therein.  The Court may disregard any paper received by a judge that has not been

6  filed with the Clerk and any paper which fails to include a certificate showing proper service.

7      DATED:   December 17, 2012.

8

9

10  _____
    PHILIP M. PRO
11  United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-18-