# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FELTON L. MATTHEWS, JR.,

    *Plaintiff*,

vs.

W. AMBRIDGE., *et al.*

    *Defendants*.

2:12-cv-01004-PMP-CWH

ORDER

    This removed *pro se* prisoner civil rights action by a Nevada state inmate comes before the Court on Plaintiff's motion (#60) for production of art in support of summary judgment and request for an extension of time for Defendants to respond.[1]

    The motion reflects that it was mailed for filing on January 7, 2013, after, *inter alia*, Plaintiff had filed a motion for partial summary judgment, Plaintiff then filed a motion to withdraw the motion for partial summary judgment, and the Court granted the latter motion to withdraw the summary judgment motion. In the present motion, Plaintiff nonetheless seeks, *inter alia*, an order giving defense counsel "an extra seven days to answer the summary judgement [sic] motion" along with an order directing that his alleged artwork be filed under seal, to then be inspected by Plaintiff.

    There is no summary judgment motion before the Court. Defendants' answer is due on January 16, 2013. The Court stated in the order setting that deadline: "It is the Court's

---

[1] *I.e.*, Plaintiff is moving to extend Defendant's response time.

1  intention to proceed forward with this matter as promptly as possible . . . ."  #50, at 17.
2  Plaintiff does not have standing to seek an extension of a deadline set for Defendants.

3  Plaintiff previously sought an order, *inter alia*, ordering the return of his alleged artwork.
4  The Court denied the relief requested and instead ordered "only, purely *pendente lite*, that any
5  such alleged artwork currently in the possession of Defendants be preserved until the
6  conclusion of these proceedings, through to the conclusion of direct review."  The Court
7  expressly and very specifically declined to order any additional relief in that regard over and
8  above the preservation of the material by Defendants.  #50, at 12-13.  Following upon a
9  second motion by Plaintiff, the Court stated, *inter alia*, "nothing in the motion leads to the
10 conclusion that the limited injunction issued in the prior order (#50, at 16-17) provides
11 inadequate relief within the context of this litigation, which is the only litigation that will be
12 addressed herein."  #58, at 2.  The Court again states – now for a third time – that the Court
13 will not order any further relief in this regard other than the prior limited injunction.[2]

14 The remainder of the motion contains extensive immaterial, impertinent, or frivolous
15 matter rehashing argument that Plaintiff has made previously and/or addressing matters not
16 before the Court on the pleadings, such as Plaintiff's request for damages in the motion for
17 being placed in disciplinary segregation.  *See,e.g.*, #50, at 4-5, 10 & 14.

18 The frivolous motion accordingly in all respects will be denied.

19 The Court outlined in the prior order (#50) Plaintiff's long-established history of frivolous
20 and vexatious litigation in the state and federal courts and Plaintiff's efforts to continue this
21 vexatious and frivolous litigation activity in the present case.  In that order, the Court expressly
22 cautioned Plaintiff as follows:

---

[2]Plaintiff refers to a provision in a prior order discussing the filing of copies of the material under seal with an opportunity for plaintiff to inspect the material in a fashion similar to the procedure for inspection of inmate medical records.  The Court expressly was referring to "[a]ny copies filed in connection with a motion" filed by Defendants.  #50, at 13 n.2.  There currently is no motion by Defendants with exhibits before the Court.  The prior provision is irrelevant to Plaintiff's motion.  The record in this matter will not become a repository for evidence separate and apart from other proper filings.  Nor is a motion for production an appropriate vehicle for obtaining inspection or production of materials under federal practice.  Defendants are under no obligation to file any of the alleged artwork under seal except if and as filed as an exhibit in support of a motion by Defendants.

### *Final Admonition*

The Court has considerable patience, but it has neither the time nor resources to consider repeated frivolous and vexatious filings. The Court places Plaintiff on notice that if he files any further frivolous or vexatious papers in this matter, he will be directed to show cause in writing why sanctions should not be imposed under Rule 11 of the Federal Rules of Civil Procedure, including imposition of substantial monetary sanctions to be drawn in installments from his inmate account against any present or future balance and referral to correctional authorities for consideration of imposition of sanctions for institutional major violation MJ48.[FN4]  While the present order shall not constitute a basis for such sanctions in and of itself, this admonition is the last advance warning that Plaintiff will receive in this action prior to the commencement of sanctions proceedings.

[FN4]  Under MJ48 of the NDOC Administrative Regulations, a major violation may be committed by the following: "Any violation of the Rules of Court, contempt of court, submission of forged or otherwise false documents, submissions of false statements, violations of Rules of Civil Procedure and/or receiving sanctions and/or warnings for any such actions from any court. Although not necessary for disciplinary purposes, any Order from any court detailing such action shall be sufficient evidence for disciplinary purposes."

#50, at 16.

The Court finds that Plaintiff's current filing is a frivolous and vexatious filing in violation of Rule 11.  The prior admonition notwithstanding, the Court will not institute sanctions proceedings at this time.  Nothing in this order, however, precludes correctional officials from independently initiating disciplinary proceedings under MJ48 or any other applicable provision.

With respect to Court-initiated sanctions proceedings, Plaintiff now has been expressly warned twice in this particular case.

IT THEREFORE IS ORDERED that Plaintiff's motion (#60) is DENIED.

DATED: January 10, 2013

_____
PHILIP M. PRO
United States District Judge